UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JESSICA L. CRITOPH,

      Plaintiff,

 -vs-          **No. 1:16-CV-00417 (MAT)**
              **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

      Defendant.

---

## I. Introduction

Represented by counsel, plaintiff Jessica L. Critoph ("plaintiff") brings this action pursuant to Title XVI of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security[1] (the "Commissioner" or "defendant") denying her application for supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**II. Procedural History**

Plaintiff protectively filed an application for SSI on July 12, 2010, alleging disability as of March 15, 2010, due to depression, anxiety, panic attacks, bipolar disorder, sleep disorder, mood swings, asthma, sciatic nerve pain, and left shoulder pain. Administrative Transcript ("T.") 230-35, 351-56. Plaintiff's application was initially denied. T. 125-29. At plaintiff's request, a hearing was held before administrative law judge ("ALJ") William Weir on February 3, 2012. T. 32-48. On June 22, 2012, ALJ Weir issued a decision in which he found that plaintiff was not disabled as defined in the Act. T. 102-19. The Appeals Council granted plaintiff's request for review and, on June 14, 2013, issued a Remand Order vacating the decision. T. 120-123.

A second hearing was conducted before ALJ Weir on October 21, 2013. T. 49-92. ALJ Weir issued a second decision on October 10, 2014, in which he again concluded that plaintiff was not disabled as defined in the Act. T. 9-31. On April 8, 2016, the Appeals Council denied plaintiff's request for review, rendering the ALJ's determination the Commissioner's final decision. T. 1-5. This action followed.

**III. The ALJ's Second Decision**

At step one of the five-step sequential evaluation, *see* 20 C.F.R. §§ 404.1520, 416.920, the ALJ determined that plaintiff

had not engaged in substantial gainful activity since June 14, 2010, the date of her application. T. 14. At step two, the ALJ found that plaintiff suffered from the severe impairments of bilateral carpal tunnel syndrome, tendonitis of the left shoulder, and lumbar spine degenerative disc disease. *Id.* The ALJ further found that plaintiff had non-severe impairments of bipolar disorder, panic disorder with agoraphobia, and generalized anxiety disorder. T. 15. At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 19.

Before proceeding to step four, the ALJ determined that plaintiff retained the RFC to perform less than the full range of light work, with the following limitations: can sit for up to five hours and stand/walk for up to three hours in an eight hour workday; can lift/carry up to 10 pounds frequently and up to 20 pounds occasionally; can occasionally climb stairs but is restricted from climbing ropes/ladders/scaffolds; can use her non-dominant left upper extremity as an assist and is not limited with regard to the use of her dominant right upper extremity. T. 19. At step four, the ALJ found that plaintiff had no past relevant work. T. 22. At step five, the ALJ concluded that, considering plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that

plaintiff could perform. *Id*. Accordingly, the ALJ found plaintiff not disabled. T. 23.

## IV. Discussion

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted).

Here, plaintiff argues that: (1) the ALJ failed to properly consider medical listing 1.04(A) for lumbar spine disc injury; (2) the ALJ improperly found that plaintiff's mental impairments were non-severe; (3) the ALJ improperly "split" the opinion of consultative physician Dr. John Condon; (4) the ALJ failed to articulate "good reasons" for discounting the opinion of treating psychologist Dr. Paul Fazekas; and (5) the ALJ improperly relied on vocational expert ("VE") testimony that conflicted with the Commissioner's regulatory definitions. For the reasons discussed below, the Court agrees that the ALJ's failure to consider medical listing 1.04(A) and failure to find plaintiff's mental impairments severe are errors that necessitate remand.

4

**A. Failure to Consider Medical Listing 1.04(A)**

"The Social Security regulations list certain impairments, any of which is sufficient, at step three, to create an irrebuttable presumption of disability." *DeChirico v. Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing 20 C.F.R. §§ 404.1520(d), 416.920(d)). "The regulations also provide for a finding of such a disability *per se* if an individual has an impairment that is 'equal to' a listed impairment." *Id.* (citing 20 C.F.R. 404.1520(d) ("If you have an impairment(s) which ... is listed in appendix 1 or is equal to a listed impairment(s), we will find you disabled without considering your age, education, and work experience.")).

Individuals suffering a disorder of the spine are disabled *per se* if they meet the criteria specified in the regulations. The specific listing plaintiff claims the ALJ should have considered is Listing 1.04(A), which provides that an individual is presumptively disabled if he or she suffers from "herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture . . resulting in compromise of a nerve root," with "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by

sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04(A). In his decision, the ALJ stated that he had "considered the applicable sections of listings 1.00 Musculoskeletal System" in concluding that plaintiff did not have a listed impairment, but did not expressly consider the applicability of listing 1.04(A). T. 19.

"When a claimant's symptoms appear to match those described in a listing, the ALJ must explain a finding of ineligibility based on the Listings." *Cardillo v. Colvin*, 2017 WL 1274181, at *4 (N.D.N.Y. Mar. 24, 2017). "While the ALJ may ultimately find that [a considered listing] do[es] not apply to Plaintiff, he must still provide some analysis of Plaintiff's symptoms and medical evidence in the context of the Listing criteria." *Peach v. Colvin*, 2016 WL 2956230, at *4 (W.D.N.Y. May 23, 2016). In this case, plaintiff has identified medical evidence of record that she argues is sufficient to establish that she meets the requirements of Listing 1.04(A). The Commissioner argues in response that there is other medical evidence of record that shows she does not meet the requirements of the listing. The Court acknowledges that the evidence as to whether plaintiff's impairment meets or equals the requirements of Listing 1.04(A) appears to be susceptible to multiple interpretations. However, it is not the function of this Court to weigh the medical evidence and determine if plaintiff meets the listing requirements. It is the Commissioner's function to make that determination and, in this case, the ALJ failed to do

so in a manner that allows for meaningful review. Accordingly, remand is required. *See, e.g., Cardillo v. Colvin*, 2017 WL 1274181, at *4 (N.D.N.Y. Mar. 24, 2017) (holding that merely stating that the ALJ has considered the requirements of a listing was "patently inadequate to substitute for specific findings in view of the fact that plaintiff has at least a colorable case for application of listing 1.04(A)" and that where there is "record support for each of the[] [necessary] symptoms . . . the ALJ was required to address that evidence, and his failure to specifically do so was error that would justify a remand"); *Torres v. Colvin*, 2015 WL 4604000, at *4 (W.D.N.Y. July 30, 2015) (remanding where "the record evidence suggests that Plaintiff's symptoms could meet the Listing requirements in 1.04(A)" but the ALJ's "only reference to it is a recitation of the standard").

**B. Failure to Find Mental Impairments Severe**

Plaintiff next argues that the ALJ erred in failing to find any of her mental impairments severe at step two of his analysis. The Court agrees.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a severe impairment that significantly limits her physical or mental ability to do basic work activities. See 20 C.F.R. § 416.920(c). The Second Circuit has held that the function of the step two determination is simply to "screen out *de minimis* claims." *Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). However, the "mere presence of a disease or impairment, or establishing that a person has been diagnosed or

7

treated for a disease or impairment" is not, by itself, sufficient to render a condition "severe." *Coleman v. Shalala*, 895 F.Supp. 50, 53 (S.D.N.Y. 1995) (internal citations omitted).

Here, and as plaintiff correctly points out, there was significant medical evidence of record indicating that her mental impairments had more than a minimal effect on her ability to perform work activities. Plaintiff's treating psychiatrist and treating psychologist both opined that her mental limitations would preclude her from engaging in any work. T. 609-10, 695, 842-43, 851-52. Non-examing psychologist Dr. T. Andrews disagreed with this assessment, but concluded that plaintiff had moderate limitations in her ability to maintain concentration, persistence, or pace, and limited her to simple tasks in a low contact environment. T. 565.

The Commissioner argues that the ALJ properly found that plaintiff's mental impairments were non-severe based on the opinion of consultative psychiatric examiner Dr. Susan Santarpia. However, even Dr. Santarpia opined that plaintiff had impairments in performing complex tasks independently, making appropriate decisions, relating adequately with others, and appropriately dealing with stress. T. 16, 543-44. Moreover, Dr. Santarpia's opinion was inconsistent with her own clinical findings, which showed that plaintiff had borderline intellectual functioning, circumstantial thought processes, impaired attention and concentration, and poor insight. T. 542-43.

8

The Court is particularly troubled by the fact that the ALJ found in his first decision (which was ultimately remanded by the Appeals Council) that plaintiff had the severe mental impairments of major depressive disorder and anxiety disorder, yet concluded in his second decision that she had no severe mental impairments. The Appeals Council remanded the ALJ's first decision in part specifically because it found that the ALJ's mental RFC finding "[might] not adequately account for [plaintiff's] moderate limitations in concentration, persistence, or pace." T. 122. However, on remand the ALJ concluded that plaintiff had no severe mental impairments and removed any psychiatric limitations whatsoever from his RFC finding. This reversal is wholly inexplicable, especially in light of the fact that Dr. Santarpia's opinion was issued in September 2010, well before the ALJ issued his first decision.

The Court finds that the ALJ's determination that plaintiff had no severe mental impairments was not based on substantial evidence. This error was not harmless, because the ALJ failed to include any psychiatric limitations in his RFC determination. Accordingly, remand is also required on this ground.

C. **The Court Declines to Reach the Remaining Arguments**

Plaintiff has also argued that the ALJ erred in rejecting portions of Dr. Condon's opinion, in rejecting Dr. Fazekas' opinion, and in relying on VE testimony that conflicted with the Commissioner's definitions of light and sedentary work. Because the Court has already concluded that remand is necessary, it need

9

not and does not reach these issues.  The ALJ is instructed to consider these additional arguments on remand.

**V. Conclusion**

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Docket No. 8) is granted to the extent that this matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.  The Commissioner's motion for judgment on the pleadings (Docket No. 12) is denied.  The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                            **s/Michael A. Telesca**
                                            HON. MICHAEL A. TELESCA
                                            United States District Judge

Dated:    September 28, 2017
            Rochester, New York.